1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER G. RUTH, | Case No.  1:23-cv-01231-JLT-SKO |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| v. | |
| THOMPSON WEST GROUP PUBLISHING, *et al.*, | (Doc. 7) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Eber G. Ruth ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on August 18, 2023, and later filed a motion to proceed *in forma pauperis* on September 7, 2023.  (Docs. 1, 7.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Ruth v. Ransdell*, Case No. 2:99-cv-01205-WBS-GGH (E.D. Cal.) (dismissed on October 28, 1999 as *Heck*-barred on the face of the complaint), *see Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (dismissal of an action as *Heck*-barred, where the suit seeks purely monetary damages, constitutes a PLRA strike); (2) *Ruth v. Dubsky*, Case No. 1:00-cv-06011-OWW-LJO (E.D. Cal.) (dismissed on May 21, 2011 for failure to state a claim); (3) *Ruth v. Dysart*, Case No.

1  Plaintiff has previously been notified that he is subject to § 1915(g).[2]

2         The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy

3  the imminent danger exception to section 1915(g).[3] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55

4  (9th Cir. 2007).  In the complaint, which is disjointed and difficult to decipher, Plaintiff generally

5  alleges theft by the named defendants ("deliberate thieving tactics"), "dereliction of duties,"

6  corruption, malicious prosecution ("resort[ing] to falsifying documents, libelousness, perjury

7  (waste time) slanderousness just to blatantly attack plaintiff whom is not guilty of anything"),

8  aiding and abetting ("ad-abeting"), and interfering with his access to the courts ("blatant deprivation

9  (denied meaningful access to the court services)").  (Doc. 1.)

10         "Imminent danger of serious physical injury must be a real, present threat, not merely

11  speculative or hypothetical."  *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4,

12  2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of

13  ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent

14  serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and

15  utterly conclusory assertions" of imminent danger or insufficient.  *White v. Colorado*, 157 F.3d

16  1226, 1231–32 (10th Cir. 1998).

17         The allegations in the complaint are vague and conclusory, and fail to link any of the named

18  defendants to any particular alleged violation of Plaintiff's rights.  Despite alleging that he is being

19  "attacked" and Defendants are engaged in "every form of criminal abuse" (Doc. 1 at 3), at no point

20  does Plaintiff allege that he is at risk of suffering any ***physical*** injury.  *See, e.g., Young v. Atchley*,

21  No. 20-CV-08349-LHK, 2021 WL 9166404, at *7 (N.D. Cal. Aug. 20, 2021) ("The Court finds

22  that plaintiff's charge of a statewide conspiracy [to murder him] is implausible, and therefore

23

24  2:99-cv-02462-FCD-PAN (E.D. Cal.) (dismissed on July 2, 2001 for failure to state a claim); (4) *Ruth v. Terhune*, Case No. 1:00-cv-07065-AWI-LJO (E.D. Cal.) (dismissed on May 8, 2003 for failure to state a claim).

25       The Court also takes judicial notice of the following United States Court of Appeals case: *Ruth v. United States Judicial System*, Case No. 20-15230 (9th Cir.) (dismissed on June 23, 2020 as frivolous).

26  [2] *See, e.g., Ruth v. State of Cal.*, Case No. 1:22-cv-01166-JLT-EPG (E.D. Cal. Sept. 14, 2022) (recognizing that plaintiff has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon

27  which relief may be granted); *Ruth v. Bird*, Case No. 1:23-cv-00529-ADA-CDB (E.D. Cal. Apr. 11, 2023) (same).

28  [3] The Court expresses no opinion on the merits of Plaintiff's claims.

plaintiff may not proceed under the imminent danger exception"); *Bradford v. Ceballos*, No. 1-20-cv-01821-SAB (PC), 2021 WL 53167, at *2 (E.D. Cal. Jan. 6, 2021) ("Plaintiff's general assertion that the alleged improper processing of his appeal caused him harm fails to demonstrate that plaintiff was 'under imminent danger of serious physical injury' when he filed the instant complaint"); *Simmons v. Kishbaugh*, No. 2:19-cv-1650-TLN-EFB P, 2020 WL 1853038, at *1 (E.D. Cal. Apr. 13, 2020) ("plaintiff alleges an access to courts claim . . . which fails to demonstrate that plaintiff was under imminent danger of serious physical injury when he filed this action"); *Thomas v. Parks*, No. 1:16-cv-01393-LJO-JLT (PC) 2018 WL 4373021, at *2 (E.D. Cal. Sept. 13, 2018) ("Plaintiff's allegations in this action are based largely on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation . . . access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury"); *Manago v. Beard*, No. 1:16-cv-00293-LJO-SAB (PC), 2016 WL 4191893, at *2 (E.D. Cal. Aug. 8, 2016) ("Plaintiff's vague and conclusory allegations relating to an 'ongoing criminal conspiracy' among prison staff fails to present imminent danger exception to section 1915(g)"); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury").

In sum, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

For the reasons set forth above, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis* (Doc. 7) be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 7, 2023**                          */s/ Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE